**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LISANDRA Y. MONTE,<br>       Appellant, | DOCKET NUMBER<br>NY-0752-22-0106-I-1 |
|    v. | |
| UNITED STATES POSTAL SERVICE,<br>       Agency. | DATE: March 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan E. Wolin</u>, Esquire, Jericho, New York, for the appellant.

<u>Krista M. Irons</u>, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. On petition for review, the appellant argues that the administrative judge erred by rejecting her constructive suspension claim and by concluding that the removal penalty was within the tolerable limits of reasonableness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency proved the charge of failure to follow instructions and to vacate the administrative judge's finding that the agency proved the charge of failure to maintain regular attendance, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

Although not raised by either party on petition for review, it appears that the administrative judge did not render a finding regarding the fourth charge, failure to follow instructions. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 4-6. However, the record is sufficiently developed such that we can evaluate whether the agency has proven this charge. To prove a failure to follow instructions charge the agency need only show that: (1) the employee was given proper instructions; and (2) she failed to follow them, regardless of whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). This charge contained a single specification and concerned the appellant's failure to respond to an August 20, 2021 administrative inquiry letter instructing her to report to duty or to provide documentation substantiating her absences and a September 9, 2021 administrative interview

letter directing her to attend a conference call with agency officials. IAF, Tab 6 at 5, 13-14. The appellant argued below that this charge should not be sustained because she never received either letter and, thus, was not aware that she was required to respond to the letters. IAF, Tab 14, Hearing Compact Disc (HCD) (testimony of appellant).

The administrative judge declined to credit the appellant's testimony on this point, concluding that her testimony was inherently improbable because it directly conflicted with the agency's documentary evidence, including numerous mail tracking records confirming receipt of its letters at the appellant's address of record. ID at 5 (citing *Hillen v. Department of the Army,* 35 M.S.P.R. 453, 458 (1987) (finding a number of factors relevant to credibility determinations, including evidence which contradicts or is consistent with a witness's version of events and the inherent improbability of a witness's version)). Specifically, the administrative judge concluded that the appellant's claim that the U.S. Postal Service lost all five copies of the letters that formed the basis for the failure to follow instructions charge, sent via first class mail, priority mail, and certified mail to the appellant's acknowledged address of record, was beyond belief. ID at 5; IAF, Tab 6 at 28-36, Tab 10 at 18-20; HCD (testimony of appellant).

The proposing and deciding officials also confirmed in their testimony that five copies of the letters were sent and confirmed as delivered by various delivery methods to the appellant's address of record. HCD (testimony of the deciding official); *id.* (testimony of the proposing official). The appellant has not challenged these findings on review, and we credit the administrative judge's demeanor-based credibility findings. *Purifoy v. Department of Veterans Affairs,* 838 F.3d 1367, 1373 (Fed. Cir. 2016) (explaining that the Board must give "special deference" to an administrative judge's demeanor-based credibility determinations); *Haebe v. Department of Justice,* 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the

observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Accordingly, we modify the initial decision to conclude that the agency proved the single specification and the charge of failure to follow instructions by preponderant evidence.

Regarding the failure to maintain regular attendance charge, the administrative judge concluded that the agency met its burden of proving the single specification of this charge. ID at 4-5. A charge of failure to maintain regular attendance is essentially a charge of excessive absences. *See Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶¶ 11-13 (2002). To establish a charge of excessive absences, the Board has held that the following criteria must be met: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 30 (2015), *overruled on other grounds by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25 (2022); *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). However, the Board clarified in *Savage* that when periods of absence without leave (AWOL) are included within an agency's charge of excessive absences, the Board will not consider those periods under the standard set forth in *Cook* and instead will only consider them as an AWOL charge. *See Savage*, 122 M.S.P.R. 612, ¶ 32 (2015).

As in *Savage*, the dates for which the appellant was charged with a failure to maintain regular attendance completely overlap with the dates that she was charged with AWOL, and thus the charge is entirely duplicative of the AWOL charge. IAF, Tab 6 at 4-5, 11-13, 37-40. Accordingly, we vacate the

administrative judge's finding affirming the failure to maintain regular attendance charge, and we give this charge no further consideration. ID at 4-5; *Savage,* 122 M.S.P.R. 612, ¶ 32.

We nevertheless still conclude that the removal penalty is appropriate. The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations and observing that the Board's review of an agency-imposed penalty is essentially to assure that the agency conscientiously considered the relevant factors and struck a responsible balance within tolerable limits of reasonableness). The Board will give due weight to the agency's primary discretion in matters of employee discipline and efficiency, recognizing that the Board's function is not to displace management responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302.

When, as here, the Board sustains fewer than all of the agency's charges, and the agency either indicates that it would have imposed the same penalty based on the sustained charges, or does not indicate to the contrary, the Board's role is not to independently determine the penalty but to decide whether the agency's choice of penalty is appropriate. *Negron v. Department of Justice,* 95 M.S.P.R. 561, ¶ 32 (2004) (citing *Lachance v. Devall*, 178 F.3d 1246, 1258-59 (Fed. Cir. 1999)); *see Blank v. Department of the Army*, 85 M.S.P.R. 443, ¶ 9 (2000) (explaining that when not all of the agency's charges are sustained and the agency has not indicated it desires a lesser penalty under this eventuality, the Board may presume that the agency desires the maximum reasonable penalty and must examine whether the agency-imposed penalty is within the maximum limits of reasonableness), *aff'd,* 247 F.3d 1225 (Fed. Cir. 2001). The Board cannot "substitute its will" for that of the agency, which is entrusted with managing its workforce. *Negron,* 95 M.S.P.R. 561, ¶ 32 (quoting *Lachance,* 178 F.3d at 1258).

Rather, the Board "may mitigate an unreasonably severe agency penalty to bring the penalty within the bounds of reasonableness." *Id.* (quoting *Lachance,* 178 F.3d at 1258). Nothing in the record indicates that the agency desires a lesser penalty if not all of the charges are sustained. We must therefore determine whether the removal penalty is within the tolerable limits of reasonableness.

In evaluating the reasonableness of a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relation to the employee's duties, positions, and responsibilities, including whether the offense was intentional or was frequently repeated. *Saiz v. Department of the Navy,* 122 M.S.P.R. 521, ¶ 11 (2015). Moreover, agencies are entitled to hold supervisors to a higher standard than nonsupervisors because they occupy positions of trust and responsibility. *Edwards v. U.S. Postal Service,* 116 M.S.P.R. 173, ¶ 14 (2010). As the administrative judge observed, the deciding official specifically identified the applicable *Douglas* factors, including the appellant's lack of past discipline and her 15 years of service. ID at 7; IAF, Tab 6 at 5; HCD (testimony of the deciding official). The deciding official testified that these mitigating factors nevertheless did not outweigh the seriousness of the appellant's unscheduled absences and her failure to request leave for over 9 months, particularly in light her role as a supervisor who was expected to set an example for subordinate employees. ID at 7; HCD (testimony of the deciding official). Consequently, he concluded that he had lost confidence in the appellant and that given the egregiousness of her misconduct, there were no alternatives to removal. HCD (testimony of the deciding official).

Additionally, the Board has regularly found that the sustained offenses are serious and has upheld the penalty of removal for similar instances of misconduct. *See Thom v. Department of the Army,* 114 M.S.P.R. 169, ¶¶ 2, 7 (2010) (upholding a removal penalty for 1 month of AWOL, despite considering the appellant's medical conditions as a mitigating factor); *Hernandez v. Department of Agriculture,* 83 M.S.P.R. 371, ¶¶ 2, 9 (1999) (finding that failure

to follow instructions is a serious charge); *Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995) (acknowledging that a failure to follow leave requesting procedures can be a serious act of misconduct); *Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (upholding the appellant's removal for 21 consecutive calendar days of AWOL, despite 20 years of Federal service); *Hawkins v. Department of the Navy*, 49 M.S.P.R. 501, 503, 507 (1991) (finding that the penalty of removal was reasonable for 16 days of AWOL for an appellant with no prior discipline and 6 years of service). Based on the specific facts of this case, we conclude that the agency's chosen penalty is within the tolerable limits of reasonableness.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.